**Jacob Johnstun, OSB No. 162146**, jjohnstun@johnstuninjurylaw.com
JOHNSTUN INJURY LAW LLC
1935 St. Helens Street, Suite A
St. Helens, Oregon 97051
Telephone: (503) 410-3572
Facsimile: (503) 389-1548

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **SANDRA ANDERSON**, Personal Representative of the Estate of **BETTY NEWELL**, and **SANDRA ANDERSON,** **PLAINTIFFS**, v. **BRYAN CUTRIGHT; JOHN DOES 1-6**, as individuals; and **COLUMBIA COUNTY**, an Oregon municipality. **DEFENDANTS**. | Case No. 3:18-cv-2058 **COMPLAINT** Civil Rights Violations; 4th/14th Amendment Arrest without Probable Cause; Wrongful Death 42 U.S.C. § 1983 JURY TRIAL REQUESTED |

Plaintiff Sandra Anderson, on behalf of herself and her deceased mother, Betty Newell, alleges as follows:

### INTRODUCTORY STATEMENT

1.

This action is filed by Plaintiffs under 42 U.S.C. § 1983 and ORS 30.265, for events occurring on or about February 22nd – 23rd, 2017, alleging arrest without probable cause, due process violations, including parental loss and loss of a parent, and unconstitutional custom,

Page 1 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

policy or procedure, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, along with the state tort of wrongful death. These claims arise from the unconstitutional and false arrest of plaintiff Sandra Anderson (Plaintiff Anderson), who was dutifully and lovingly caring for her ailing mother, Betty Newell (Plaintiff Newell), from within her own home, until defendants unjustifiably and without probable cause arrested Plaintiff Anderson and forcibly removed Plaintiff Newell from her residence, thereby inflicting shock and emotional trauma upon Plaintiff Newell, which in her weak and fragile state, did cause her untimely death on February 28th, 2017.

## JURISDICTION AND VENUE

2.

This court has jurisdiction over Plaintiffs' claims of violations of federal Constitutional Rights under 28 U.S.C. §§ 1331 and 1343.

3.

Venue is proper under 28 U.S.C. § 1391(b), in that one or more of the defendants reside in the District of Oregon and plaintiff's claims for relief arose in this district.

4.

The court has supplemental jurisdiction over plaintiffs' pendent state law claims under 28 U.S.C. § 1367.

## PARTIES

5.

Plaintiff Anderson is the daughter of decedent Plaintiff Newell. Plaintiff Anderson and Plaintiff Newell lived in Columbia County at all relevant times.

Johnstun Injury Law LLC
Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

6.

Defendant Bryan Cutright (Mr. Cutright) is a certified employee of the Oregon Department of Human Services (DHS). He is sued in his individual capacity. At all material times, Mr. Cutright was acting under the color of law.

7.

Defendant John Doe #1 is believed to be Mr. Cutright's employment supervisor, also an employee of DHS. John Does #2-6 are believed to be officers of the Columbia County Sheriff's Office. They are all sued in their individual capacities. At all material times, John Does 1-6 were acting under the color of law.

8.

Defendant Columbia County (County) is a municipality of the State of Oregon, and is a person for purposes of 42 U.S.C. §1983.

## **MONELL ALLEGATIONS**

9.

Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), County is liable for all injuries sustained by plaintiffs as set forth herein. County bears liability because its policies, practices and/or customs caused plaintiffs' injuries. County has condoned an ongoing pattern of severe action before a fair and thorough investigation could possibly justify such conduct.

Page 3 - COMPLAINT

**Johnstun Injury Law LLC**
Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

## **FACTS**

10.

Plaintiff Anderson worked as a medical assistant for approximately twenty years. Plaintiff Anderson developed a strong reputation for being "hard-working, conscientious, compassionate, and a stickler for following the rules," as one doctor put it.

11.

Despite having a full-time job, Plaintiff Anderson became more and more involved in her ailing mother's care. Many times, Plaintiff Anderson would only be able to get between four and five hours of sleep before her next shift because she had been so busy tending to her mother's needs.

12.

On July 12th, 2016, Plaintiff Anderson called Kaiser Permanente (Kaiser) to report the presence of bed sores on Plaintiff Newell. Kaiser made numerous recommendations, to which Plaintiff Anderson strictly followed. On July 20th, 2016, Plaintiff Anderson called Kaiser again and requested hospice services for Plaintiff Newell. The request was approved. For the date of December 13th, 2016, the hospice records say "Daughter continues to provide loving, nurturing care." Also in December 2016, a DHS representative observed the care Plaintiff Anderson was giving to her mother, and commended her for the good job she was doing.

13.

Near the end of 2016, Plaintiff Anderson made the decision to take an early retirement in order to care for her mother full time.

Page 4 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

14.

In early 2017, Plaintiff Anderson became concerned about the worsening bed sores on her mother.  Plaintiff Anderson spoke with the hospice worker, Anna Crawford (Ms. Crawford), who was over Plaintiff Newell's wound care.  Ms. Crawford had been coming to plaintiffs' home three times a week to check in on Plaintiff Newell and to change the bandages, but plaintiff was worried because the sores seemed to be getting worse.  Plaintiff decided to contact a registered nurse she used to work with, Bryan Lomax, and asked him to examine Plaintiff Newell.  Mr. Lomax has said the following of the event:

*I am Bryan Lomax, Registered Nurse, Certified Wound Nurse.  I am a friend of Sandra Anderson and her family.  On February 12, 2017 Sandra contacted me with a concern of how her mother's, Betty Newell's, wounds were being cared for and asked if I would take a look and provide any insight I might have.  I agreed to visit their home and did around 1330 that same day.*

*When I arrived at the home I was introduced to Nettie Anderson, Sandra's sister-in-law and Mrs. Newell's caregiver ... Both Sandra and Nettie expressed concerns about the wounds and asked that I assess the patient's wounds and this was done.  The wounds were found to be covered with transparent medical dressing, with what appeared to be Xeroform covering the wounds as a primary dressing.  This dressing application was trapping the moisture against the moist eschar found on all 4 wounds and I was concerned that this could increase the risk of tissue damage and possible infection.*

Page 5 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph:  503.410.3572
Fax: 503.389.1548

> *During the assessment we were required to reposition Mrs. Newell and she would express some discomfort with the minor position changes. With each expression of discomfort, Sandra would lean in and gently ask Mrs. Newell if she needed any pain medication. When we were required to do a major change of position so we could assess the left hip and sacral wounds, Mrs. Newell began expressing more discomfort and so we stopped and let her rest for several minutes. …*
>
> *Following the assessment I expressed my concern to Sandra, stating that Mrs. Newell would not be able to heal these wounds due to her lack of health and that the wounds should be assessed by Mrs. Newell's primary care provider. I also recommended that they request the wounds be painted with Betadine/Iodine to help reduce the risk of infection and to dry the wounds up to also prevent further tissue damage. Sandra agreed to call and discuss the recommendations with the primary care provider.*
>
> *During my visit I saw genuine concern and care provided for Mrs. Newell. I saw emotions with Sandra Anderson that showed genuine concern and love for her failing mother. She was doing all she could, including asking me, as a friend, to ensure that the best care was being provided. …*

15.

Plaintiff Anderson spoke with Ms. Crawford about Mr. Lomax's recommendations. Ms. Crawford agreed to make the suggested changes to Mrs. Newell's care.

Page 6 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

16.

That same week, a substitute hospice worker arrived at plaintiffs' home in place of Ms. Crawford.  This substitute hospice worker saw Plaintiff Newell's bed sores, and reported them to DHS for suspected abuse and neglect.

17.

On February 22nd, 2017, DHS representative Bryan Cutright appeared at plaintiffs' residence to inspect Plaintiff Newell and the care being given to her.  Upon request, Plaintiff Anderson allowed Mr. Cutright into her home.  Mr. Cutright is a former law enforcement officer of Columbia County Sheriff's Office.  At this time, and though in poor health, Plaintiff Newell had been eating and drinking that day, was alert, and had been speaking and otherwise communicating with her family that day.

18.

Mr. Cutright observed Mrs. Newell's bed sores.  He then looked at Plaintiff Newell's nearby medical chart for 1-2 minutes.  He started to take pictures.  Plaintiff Anderson asked Mr. Cutright if she could receive copies of the photos he was taking.  Mr. Cutright replied "No." Sensing that the encounter was becoming adversarial, Plaintiff Anderson asked Mr. Cutright to leave.

19.

Plaintiff Anderson's husband, Frank Anderson (Mr. Anderson), noticed a United States Marines sigil on Mr. Cutright's briefcase.  Mr. Anderson said "I see you're a Marine."  Mr. Cutright replied "Yeah, I'm tough."  Mr. Anderson answered "No, it means you're a jarhead." Mr. Cutright became visibly upset, walked to where his face was inches from Mr. Anderson's,

Johnstun Injury Law LLC

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph:  503.410.3572
Fax: 503.389.1548

and stared at him intently in an intimidating manner. Mr. Anderson repeated to Mr. Cutright several times that he needed to leave.

20.

As Mr. Cutright was walking out of plaintiffs' home, he walked by Plaintiff Anderson' sister-in-law, Nettie Anderson (Ms. Anderson) (who is a licensed caregiver and also assisted with Plaintiff Newell's care) and said "I'm going to have your license! I'm coming back with the authorities." Mr. Cutright then got into his vehicle and spun out of plaintiff's driveway, kicking up gravel and dust.

21.

Immediately thereafter, plaintiff called Ms. Crawford to explain what had happened and attempt to resolve the escalating situation. Ms. Crawford said that she would arrive at plaintiffs' home soon, and would bring Linda (last name unknown), a social worker, with her.

22.

While en route to plaintiff's home, Mr. Cutright called Ms. Crawford. Without conducting a basic investigation, or having a satisfactory understanding of the facts, Mr. Cutright accused Plaintiff Anderson and Ms. Anderson of elder abuse due to the bed sores on Plaintiff Newell. Ms. Crawford explained that he was mistaken, but she would form a plan with Plaintiff Anderson, and Mr. Cutright agreed to postpone any further action.

23.

After Ms. Crawford and Linda arrived at plaintiffs' home, they discussed solutions to Plaintiff Newell's care for about an hour and a half. Later that evening, Ms. Crawford called Mr. Cutright and explained their agreed upon plan to him. Again, Mr. Cutright agreed to postpone any further action.

Page 8 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

24.

The next morning, on February 23rd, 2017, Mr. Cutright returned to plaintiffs' home. He brought with him his supervisor Susan (last name unknown), an ambulance, and several Columbia County Sheriff's officers whom he used to work with. Officers immediately located Plaintiff Anderson, Mr. Anderson, and Ms. Anderson, and restrained them all in handcuffs. While interrogating them, one officer placed his hand on his holstered pistol and leaned over them in a threatening and intimidating manner.

25.

While sitting restrained in handcuffs, Mr. Anderson said to Susan "This has got way out of hand. This could have been handled differently." Susan agreed.

26.

One of the officers shouted at Plaintiff Anderson while inches from her face, "How could you do that to your mother?!" The officer also accused Plaintiff Anderson of withholding morphine from Plaintiff Newell. Plaintiff Anderson attempted to explain the history behind her mother's care, and that though she had taken a very active role, she was not in fact over Plaintiff Newell's wound care, nor was she authorized to independently administer morphine. This was to no avail.

27.

Several officers took hold of Plaintiff Newell while Susan took pictures. Plaintiff Newell cried out in pain and was visibly distressed. She repeated to Plaintiff Anderson over and over "Please don't let them take me." While sitting handcuffed, Plaintiff Anderson attempted to comfort her mother by saying "Mom, I promise you're not going anywhere."

Page 9 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

28.

Once officers concluded their interrogation, Mr. Anderson was uncuffed and released. Plaintiff Anderson and Ms. Anderson, however, were placed under arrest. Officers explained they would be taken to the local Columbia County Jail. Plaintiff Anderson said that she had a lung condition, and that she needed to bring her medication. Officers told her she could use her medication there, but could not take it with her. As a result, Plaintiff Anderson began to cough uncontrollably while she was being transported to the jail. She coughed so hard that she urinated in her pants.

29.

Plaintiff Newell, in her weak and fragile state, witnessed the cuffing, interrogation, and arrest of her daughter and Ms. Anderson. This traumatic experience deeply upset her, and from this time forward, she did not speak or eat again. Consequently, her condition began to rapidly deteriorate.

30.

Plaintiff Newell was forcibly removed from her home without hers or Plaintiff Anderson's consent and taken by ambulance to St. Johns Medical Center. She was then transferred to a hospice facility, where she passed away on February 28th, 2017.

31.

While unjustly imprisoned, Plaintiff Anderson was deeply concerned for the health and wellbeing of her mother. Despite the years of loving care rendered to Plaintiff Newell, she was not permitted to see her mother once she had made bail due to a no contact order. In addition, Plaintiff Anderson was not even permitted to receive updates on her mother's condition from her

Page 10 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

son, Randy Rigsby (Mr. Rigsby), who had been at Mrs. Newell's side through nearly the entire duration of her hospice stay. Hospice records from February 26th, 2017 state:

> *The patient is resting with eyes closed, face and body relaxed, respirations are unlabored, the patient's bed is in the lowest position, call light is pinned to gown. The patient's grandson's wife asked RN about life expectancy, reporting the patient's grandson is very torn on what to do today. He does not want to leave his grandmother and have her die alone, but wants to travel to St. Helens Oregon tomorrow to try and have the no contact order lifted or amended so that his mother can come to the care center and say goodbye to his grandmother. ...*

32.

The next day, on February 27th, 2017, Plaintiff Anderson managed to have the no contact order amended so that she could be with her mother in her final hours. However, the court order stated that Mr. Rigsby and hospice staff had to be present during all visits. Plaintiff Anderson remained by her mother's side until she passed away the following day.

33.

To this date, nearly two years later, neither Plaintiff Anderson nor Ms. Anderson have been prosecuted for the false allegations arising from the events described above. Plaintiff Anderson was forced to mortgage her home to pay for her legal defense, which amounted to approximately $25,000.00.

34.

Shortly after the events described above, Defendant Columbia County gave Plaintiff Anderson and Ms. Anderson's mugshots to the local press, as well as a description of the false

Page 11 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

accusations. Plaintiff's reputation in her small community has been irreparably damaged as a result, and has caused her significant emotional pain and suffering.

### FIRST CLAIM FOR RELIEF: Arrest without Probable Cause
### (On Behalf Of Plaintiff Anderson)
### 42 U.S.C. § 1983 4th and 14th Amendment Violations
### (Against Defendants Cutright and Does #2-6)

35.

Plaintiff Anderson realleges paragraphs 1 through 34 inclusive as if more fully set forth herein.

36.

Plaintiff Anderson was entitled to be free from unlawful seizure and confinement of her person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.

37.

The acts and omissions of defendants in arresting Plaintiff Anderson within her home, and transporting her to be confined in the Columbia County Jail, when no evidence of the commission of a crime was present, violated her protected rights against seizure of her person without probable cause, were objectively unreasonable based on the totality of the circumstances, and amounted to deliberate indifference to Plaintiff Anderson's protected rights. Defendants violated the requirements of the 4th and 14th Amendment rights held by plaintiff to the integrity of her person and her right to be free from unlawful arrest by:

    a)    failing to conduct even a basic investigation into the history of Plaintiff Newell's bed sores;

Page 12 - COMPLAINT

Johnstun Injury Law LLC
Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

b) failing to gain an adequate understanding of bed sores in general and their possible causes;

c) failing to conduct even a basic investigation into the quality of care Plaintiff Anderson had rendered to Plaintiff Newell;

d) placing undue reliability upon Mr. Cutright's testimony and opinion because Mr. Cutright is well known by local law enforcement to be "overzealous."

38.

All defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

39.

As a result of these Constitutional violations, Plaintiff Anderson was deprived of her freedom to continue caring for her mother Plaintiff Newell, to give love and companionship to an ailing parent, and to be free from unnecessary and unconstitutional state interference. Plaintiff is entitled to compensatory damages in the sum of $500,000.00.

40.

The actions of defendants were recklessly indifferent and calloused to Plaintiff Anderson's civil rights, and punitive damages should be awarded in a sum to be determined by a jury.

Page 13 - COMPLAINT

Johnstun Injury Law LLC

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

**SECOND CLAIM FOR RELIEF: Arrest and Unlawful Seizure of Person without Probable Cause**
**(On Behalf Of Plaintiff Newell)**
**42 U.S.C. § 1983 4th and 14th Amendment Violations**
**(Against Defendants Cutright and Does #1-6)**

41.

Plaintiff Newell realleges paragraphs 1 through 40 inclusive as if more fully set forth herein.

42.

Plaintiff Newell was entitled to be free from unlawful seizure and confinement of her person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.

43.

The acts and omissions of defendants in seizing Plaintiff Newell and transporting her elsewhere against her will, when no evidence of the commission of a crime was present, violated Plaintiff Newell's protected rights against seizure of her person without probable cause, were objectively unreasonable based on the totality of the circumstances, and amounted to deliberate indifference to her protected rights. Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Newell to the integrity of her person and her right to be free from unlawful seizure by:

a) failing to conduct even a basic investigation into the history of Mrs. Newell's bed sores;

b) failing to gain an adequate understanding of bed sores in general and their possible causes;

Page 14 - COMPLAINT

Johnstun Injury Law LLC
Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

c)  failing to conduct even a basic investigation into the quality of care Plaintiff Newell had received;

d)  placing undue reliability upon Mr. Cutright's testimony and opinion because Mr. Cutright is well known by local law enforcement to be "overzealous."

44.

All defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

45.

As a result of these Constitutional violations, Plaintiff Newell was deprived of her freedom to be left alone, and to enjoy the rest of her life unharassed, surrounded by family, and to eventually die in peace. Plaintiff Newell is entitled to compensatory damages in the sum of $500,000.00.

46.

The actions of defendants were recklessly indifferent and calloused to Plaintiff Newell's civil rights, and punitive damages should be awarded in a sum to be determined by a jury.

**THIRD CLAIM FOR RELIEF: Wrongful Death**
**(On Behalf Of Plaintiff Newell)**
**ORS 30.020**
**(Against Defendants Cutright and Does #1-6)**

47.

Plaintiff realleges paragraphs 1 through 46 if more fully set forth herein.

Page 15 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

48.

The actions taken by defendants in the unconstitutional arrests of Plaintiff Anderson and Ms. Anderson, and the unlawful seizure of Plaintiff Newell's person against her will, were unjustified and are not supported by law. These actions caused an extreme amount of mental and emotional anguish upon Mrs. Newell, which she could not bear in her already fragile and weakened state, thus causing her death.

49.

All defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

50.

As a result of these Constitutional violations, defendants did cause the untimely death of Plaintiff Newell. Plaintiff Newell's estate is entitled to compensatory damages in the sum of $500,000.00.

51.

The actions of defendants were recklessly indifferent and calloused to Plaintiff Newell's life and liberty, and punitive damages should be awarded in a sum to be determined by a jury.

WHEREFORE Plaintiffs request that this Court grant judgment for them each individually as follows:

1. Judgment against defendants for compensatory damages in an amount of $500,000.00;
2. Judgment against defendants for punitive damages in a fair and reasonable amount to be proven at trial;

Page 16 - COMPLAINT

Johnstun Injury Law LLC
Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

3.  Judgment for costs, interest, attorney fees and such other and further relief as the Court deems just and equitable.

DATED this 28th day of November, 2018.

                        *s/ Jacob Johnstun*
By _____
Jacob Johnstun, OSB #162146
Email:  johnstun.injury.law@outlook.com
Telephone:  503-410-3572
Facsimile:   503-389-1548

Page 17 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph:  503.410.3572
Fax: 503.389.1548